## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| ALAN EUGENE MILLER, | |
| *Plaintiff*, | Civil Action: No. 2:24-cv-00197-RAH |
| v. | |
| STEVE MARSHALL,<br>in his official capacity as Attorney<br>General, State of Alabama, | |
| KAY IVEY,<br>Governor of the State of Alabama, | **CAPITAL CASE – EXECUTION<br>SCHEDULED FOR SEPTEMBER 26,<br>2024** |
| JOHN Q. HAMM,<br>In his official capacity as<br>Commissioner, Alabama<br>Department of Corrections, | |
| TERRY RAYBON,<br>in his official capacity as Warden,<br>Holman Correctional Facility, | |
| *Defendants*. | |

## PLAINTIFF ALAN EUGENE MILLER'S REPLY IN SUPPORT
## OF HIS MOTION FOR EXPEDITED DISCOVERY

Defendants will attempt to execute Plaintiff Alan Miller in a few short months.

Defendants' opposition ("Opp.") to Mr. Miller's renewed motion for expedited

discovery (the "Motion") buries this central point underneath several irrelevant

arguments. The Court should reject Defendants' efforts to put this case on an even more condensed schedule that adds unnecessary stress to the Court and the parties, and should further prevent Defendants from continuing to operate in secrecy, especially when the representations the State made to this Court before the execution of Kenneth Smith proved not to be true.

## I.     Defendants' Arguments Regarding Expedited Discovery Are Meritless.

Defendants first argue expedited discovery is not warranted because the execution date is September 26, 2024. Opp. at 3. The fact that Defendants will attempt to execute Mr. Miller in just three short months is a reason to *grant* the Motion. This is exactly the sort of compressed timeline that necessitates expedited discovery so that Defendants cannot moot Mr. Miller's claims forever by executing him.

This Court previously granted Mr. Miller's requests for expedited discovery under similar circumstances. *See Miller v. Hamm*, No. 22-cv-506-RAH, 2022 WL 12029102, at *2 (M.D. Ala. Oct. 20, 2022) (ordering expedited discovery even when no execution date was pending); *see also Miller v. Hamm, et al.*, No. 22-cv-506-RAH, Dkt. 36 (M.D. Ala.). As this Court explained after the State renewed its efforts to execute Mr. Miller in October 2022, "the parties and the Court [are now] operating under a very condensed litigation timeline—much more condensed than that of most civil cases." *Miller*, 2022 WL 12029102, at *2. Unlike in most civil cases, if this

request is not granted, the party seeking expedited discovery will likely be *executed* before his claims are fully heard on the merits.

Defendants next argue that expedited discovery is unnecessary because Mr. Miller has not yet filed a motion for a preliminary injunction. Opp. at 3. But doing so is not a *requirement* for obtaining expedited discovery. *See Arista Recs. LLC v. Does 1-19*, 551 F. Supp. 2d 1, *7–8 (D.D.C. 2008) ("Defendants' next argument is that a court may not grant leave to take expedited discovery 'without a prayer for injunctive relief.' This argument is meritless, as the Federal Rules of Civil Procedure contain no such requirement."). The last time this Court granted expedited discovery in Mr. Miller's case, there also was no motion for a preliminary injunction pending. *See generally Miller*, 2022 WL 12029102.

Defendants also contend that they are "entitled" to a ruling on their motions to dismiss before the Court orders expedited discovery. Opp. at 3. That is not the law. As this Court's previous order recognized, courts "may" consider a pending motion to dismiss as one factor. Dkt. 27 at 1. A motion to dismiss, in other words, is not a trump card to expedited discovery, and courts have ordered expedited discovery with a motion to dismiss pending. *See, e.g.*, *Doe v. Samford Univ.*, No. 21-cv-871, 2021 WL 3403517, at *4 (N.D. Ala. July 30, 2021) (ordering defendants to respond to certain discovery requests in two weeks and to produce the remaining responses within 48 hours of a ruling on the defendants' motion to dismiss).

In fact, this Court has granted expedited discovery even when a motion to dismiss was "anticipated" but not yet filed. *See Miller*, 2022 WL 12029102, at *4 (ordering defendants to answer some discovery requests immediately and the remaining requests if the Court denied the anticipated motion to dismiss). In addition, Defendants' pending motions to dismiss are relevant only to the extent they would dispose of the entire case. Mr. Miller's opposition briefs make clear that the Complaint easily crosses the threshold showing necessary to plausibly allege his claims. *See generally* Dkts. 34, 39. As recently explained in Mr. Miller's sur-reply, Defendants do not even *engage* in the three basic elements supporting Count I (First Amendment) (*see* Dkt. 39 at 2-4), and they waived any arguments related to Count II (Fourteenth Amendment) by not saying anything relevant about the merits of that count in their opening briefs, *see id.* at 7-8. Thus, at a minimum, Counts I and II are plausibly alleged and will require discovery.

Defendants' arguments regarding the Prison Litigation Reform Act ("PLRA") are beside the point. Opp. at 4–6. *First*, the PLRA is in large part aimed at curbing lengthy and unclear filings made by *pro se* plaintiffs. *See Alexander v. Hawk*, 159 F.3d 1321, 1326 n.11 (11th Cir. 1998). That concern is not present here since Mr. Miller is represented by counsel who have litigated against the State in the past. *Second*, and importantly, the PLRA makes no mention of expedited discovery and has nothing to do with whether this Court should grant the Motion. Additionally,

Defendants moved to dismiss the Complaint, rendering the PLRA provision they selectively reference (Opp. at 4) superfluous for these purposes. And as explained in his response to the motions to dismiss and in his sur-reply, Mr. Miller has adequately stated his claims. *Third*, while Defendants point out that the PLRA requires courts to give "substantial weight to any adverse impact on . . . the operation of a criminal justice system" before ordering injunctive relief (Opp. at 5), the Motion filed here does not seek such relief. Defendants cite no support for their theory that "[t]he same logic should apply to Miller's discovery motion." Opp. at 5. Nor could they since the PLRA does not support such a theory. Defendants' argument for why expedited discovery would impact the criminal justice system is circular. They argue that expedited discovery would burden the State's interest in enforcing Mr. Miller's sentence. Opp. at 5–6. But whether the State can enforce the sentence at this time without violating Mr. Miller's constitutional rights is the subject of this very lawsuit. Mr. Miller's complaint alleges that Defendants seek to carry out his sentence unconstitutionally, and state officials have no valid interest in violating the Constitution.[1]

---

[1] Defendants further suggest the Court should reject "invasive discovery into a state criminal proceeding . . . for the same reasons that *Younger* abstention applies." Opp. at 6. None of Mr. Miller's requests even remotely seek discovery into the proceedings before the Alabama Supreme Court. And as Mr. Miller explained in his response to the motions to dismiss, *Younger* abstention does not apply, and federal courts have the authority to enjoin state officials from violating the United States Constitution. *See* Dkt. 34 at 20–23.

Defendants last argument regarding "Alabama's public writings law" is meritless. Opp. at 6–7. As an initial matter, Defendants do not cite what laws they are referencing, or explain how those laws exempt certain ADOC documents from discovery. Defendants cannot avoid discovery by making a conclusory statement that unidentified documents will require a protective order under an unidentified statutory provision. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682 (11th Cir. 2014) (conclusory assertions are waived). Additionally, the fact that some documents may be exempted from *public* disclosure is not an argument against producing them. The point of entering into a protective order, which Mr. Miller is willing to do, is to protect certain documents from disclosure. Defendants' argument is misplaced.

## II.   Mr. Miller's Discovery Requests Are in Scope and Relevant to His Claims.

Defendants' arguments about scope and relevance lack merit too. Opp. at 7–15. Despite asserting that Mr. Miller's requests are "overly broad" and "go beyond the claims raised in his complaint," Defendants take issue with few of Mr. Miller's specific requests. Opp. 7–9, 13–15. If Defendants meant to argue that expedited discovery is improper because any other request is overly broad or irrelevant, these conclusory statements failed to preserve their arguments. *See Sapuppo*, 739 F.3d at 682. Regardless, Defendants' belief that some of Mr. Miller's requests are irrelevant has little bearing on whether expedited discovery is warranted. The factors courts

consider for expedited discovery do not focus exclusively on relevance, and as this Court has recognized, a party may raise "appropriate objections" once discovery is underway. *Miller*, 2022 WL 12029102, at *5.

Mr. Miller's requests are narrowly tailored and relevant. His requests seek, among other things, reasonable information about Defendants' equipment and execution protocol. Defendants highlight Request for Inspection No. 1, which seeks to photograph, measure, and record the materials and equipment that will be used during the execution, such as the mask and gas cylinders. Dkt. 32-4 at 6–7. In Defendants' view, no allegations relate to this request because the Complaint does not identify, line-by-line, what distinct harm that might stem from each item that Mr. Miller wishes to inspect. Opp. at 8–9. As another example, Defendants say that Mr. Miller's requests for documents identifying third parties who helped Defendants develop a nitrogen hypoxia protocol are irrelevant because the Complaint does not allege that the third parties will independently harm Mr. Miller. Opp. at 13–14. These are unreasonably narrow readings of the Complaint with no grounding in the Federal Rules of Civil Procedure governing discovery.

As a threshold matter, a "presumption in favor of broad disclosure" exists when assessing the relevance of discovery requests. *See Smith v. Trustmark Nat'l Bank*, No. 22-cv-330-RAH-JTA, 2024 WL 2401797, at *1 (M.D. Ala. May 22, 2024). Mr. Miller's requests strike at the heart of his allegations. Recall that Mr.

Miller alleged that Defendants represented to this Court, the Eleventh Circuit, and the United States Supreme Court that a person executed under the State's first-ever nitrogen hypoxia protocol "would be unconscious in a matter of seconds, not minutes." *See* Compl. ¶¶ 77, 90, 92. Recall also that Mr. Miller alleged that, by all public accounts, this did not happen. Instead, Kenny Smith shook violently for several minutes and remained conscious—writhing in pain and taking heaving breaths—well after the flow of nitrogen began. *See id.* ¶¶ 103, 106–07. Mr. Miller accordingly alleged that Defendants would violate the Eighth Amendment's prohibition on cruel and unusual punishment if they reuse the same nitrogen hypoxia procedures during his execution. *See id.* ¶ 193. A request to inspect the equipment that delivered Mr. Smith's tremendous pain, because it obviously does not work as Defendants have asserted, could not be more closely related to Mr. Miller's allegations. Nor could a request to identify the people who can best speak to how the protocol works or should work.

By a similar token, Defendants take exception to the few requests surrounding their botched execution of Mr. Miller in 2022. Opp. at 15. They argue that the prior execution is irrelevant because it involved lethal injection, not nitrogen hypoxia. *Id.* Yet the requests related to that execution attempt are relevant to Mr. Miller's First and Fourteenth Amendment claims. Those claims assert that Defendants are retaliating against Mr. Miller for surviving that execution attempt and speaking

publicly against it. *See* Compl. ¶¶ 159–69, 172–84. Mr. Miller's requested discovery—including the post-execution communications that this Court **ordered Defendants to preserve**—is relevant to establishing the extent to which Defendants discussed how to silence Mr. Miller in the aftermath of the attempt, including by moving for an expedited execution date in the Alabama Supreme Court, *see* Dkt. 20 at 3, and by manufacturing a public narrative of Mr. Miller's botched execution that contradicted the accounts of multiple independent journalists.

Finally, Defendants summarily argue that Mr. Miller's interrogatories are a "fishing expedition" unrelated to his claims, Opp. at 15, without explaining why or mentioning a single specific interrogatory. These arguments too are conclusory and thus waived. *See Sapuppo*, 739 F.3d at 682.

**III.   The Requested Information is Easily Within Defendants' Control.**

Defendants do not attempt to explain why they would not be able to respond to Mr. Miller's discovery requests. That is because they could respond. As Mr. Miller has pointed out, the information he seeks is "easily within the Defendants' control," *Miller*, 2022 WL 12029102, at *3, including the information that the Court previously ordered Defendants to preserve, Dkt. 20-2 at 10.

Perhaps recognizing as much, Defendants deflect by asking the Court to consider "the potential harm to Defendants" in expediting discovery. Opp. at 7–12. Defendants point to a parade of horribles that they believe could occur should they

produce certain information. *Id.* These arguments are better suited for a motion for protective order. In any event, the Court has heard and rejected these arguments before. Defendants Hamm and Raybon made the same argument in *Smith*, and the Court still granted in part Mr. Smith's request for expedited discovery. *Compare* Opp. at 7–11, with *Smith v. Hamm et al.*, 23-cv-656-RAH, Dkt. 27 at 6-10 (M.D. Ala. Nov. 24, 2023); *see also id.* at Dkt. 28 (granting in part motion for expedited discovery). Moreover, it is worth noting that the parade of horribles Defendants constantly warn of in response to discovery requests has never come to pass— Defendants continue to carry out executions via both lethal injection and nitrogen hypoxia.

## IV.   Defendants' Eleventh Amendment Argument Is Irrelevant.

Defendants argue that the Eleventh Amendment shields Defendant Ivey from Mr. Miller's claims. Opp. at 15. This argument is also waived because Defendants offer nothing more than a bare assertion. *See Sapuppo*, 739 F.3d at 682. Even if it were not waived, the argument is both irrelevant to a motion for expedited discovery and incorrect. Defendants neither cite any legal authority showing that the Eleventh Amendment plays any role in the expedited discovery analysis, nor is there any such authority. Indeed, the Eleventh Amendment does not apply to Defendant Ivey at all in this case. It has been settled for over a hundred years that the Eleventh Amendment does not bar suits like this one, which seek prospective equitable relief

against state officials for their ongoing violations of federal law. *See Miller v. Hamm*, 640 F. Supp. 3d 1220, 1235 (M.D. Ala. 2022) (citing *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336–37 (11th Cir. 1999)).   That Defendants continue to ignore that well-settled law borders on the frivolous.

## CONCLUSION

For the reasons stated above and in Mr. Miller's Motion, Mr. Miller respectfully requests that the Court grant his Motion and order expedited discovery.


Dated: June 3, 2024                    Respectfully submitted,

                                       /s/ *J. Bradley Robertson*
                                       J. Bradley Robertson
                                       Danner Kline
                                       Bradley Arant Boult Cummings LLP
                                       One Federal Plaza
                                       1819 5th Ave. N.,
                                       Birmingham, AL 35203
                                       Tel: (205) 521-8188
                                       Fax: (205) 488-6188
                                       Email: brobertson@bradley.com
                                       Email: dkline@bradley.com

                                       Rachel C. Bramblett
                                       Bradley Arant Boult Cummings LLP
                                       Promenade Tower, 20th Floor
                                       1230 Peachtree St. NE
                                       Atlanta, Georgia 30309
                                       Tel: (404) 868-2100
                                       Email: rbramblett@bradley.com

                                       Daniel J. Neppl
                                       Kelly Huggins

Mara E. Klebaner
Stephen Spector
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036
Email: dneppl@sidley.com
Email: khuggins@sidley.com
Email: mklebaner@sidley.com
Email: sspector@sidley.com

*Attorneys for Plaintiff Alan Eugene
Miller*

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on June 3, 2024, I served a copy of the foregoing via the Court's CM/ECF system, which shall cause the same to be electronically transmitted to all counsel of record.

/s/ *J. Bradley Robertson*
J. Bradley Robertson
