## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| ALAN EUGENE MILLER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  2:24-cv-00197-RAH |
| | ) | |
| STEVE MARSHALL, | ) | |
| Attorney General, | ) | |
| KAY IVEY, Governor, | ) | |
| JOHN Q. HAMM, Commissioner, | ) | |
| And TERRY RAYBON, Warden. | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ANSWER</u>

COME NOW Defendants Steve Marshall, Attorney General, Kay Ivey, Governor, John Q. Hamm, Commissioner of the Alabama Department of Corrections, and Terry Raybon, Warden of Holman Correctional Facility, by and through the Attorney General of Alabama, and answer those portions of Plaintiff Alan Miller's complaint (Doc. 1) remaining after this Court's order dismissing Counts I and II (Doc. 41).

### Response to Introductory Paragraphs

1.       Paragraph 1 is denied, except that Defendants admit that (a) the State of Alabama was unable to carry out Plaintiff's sentence by lethal injection in 2022, (b) Joe Nathan James was executed by lethal injection, (c) the State of Alabama was

unable to carry out Kenneth Smith's sentence by lethal injection in 2022, and (d) Kenneth Smith's sentence was executed by nitrogen hypoxia.

2.      Paragraph 2 is denied.

3.      Paragraph 3 is admitted.

4.      Defendants admit that Plaintiff is obese and receives a diabetic food tray from the Alabama Department of Corrections. Defendants lack sufficient information to admit or deny the remainder of Paragraph 4.

5.      Paragraph 5 is admitted.

6.      Defendants deny Paragraph 6 as pleaded. The powers and duties of the Attorney General are set forth in Title 36, Chapter 15 of the Code of Alabama of 1975.

7.      Paragraph 7 is admitted, except Defendants deny that the Attorney General has an obligation or responsibility to withdraw motions to set an execution date "when the conditions of the proposed execution are unconstitutional" because such a forward-looking determination of constitutionality would have to be made by a court of competent jurisdiction.

8.      Paragraph 8 is admitted.

9.      Paragraph 9 is admitted with the exception of Plaintiff's characterizations of previous executions or attempted executions as "botched," which is denied.

2

10.     Defendants cannot admit or deny Paragraph 10, as the Alabama Supreme Court has already granted the State of Alabama's motion for an execution warrant to carry out Plaintiff's lawful sentence.

11.     Paragraph 11 is admitted.

12.     Paragraph 12 is admitted.

13.     Paragraph 13 is admitted.

14.     Paragraph 14 is admitted.

15.     Paragraph 15 is admitted.

16.     Paragraph 16 is admitted.

17.     Paragraph 17 is admitted, except Defendants note that the Commissioner of the Alabama Department of Corrections is only responsible for appointing an alternate executioner in the event of the death or disability of the warden of Holman Correctional Facility. The Commissioner does not act as the "alternate statutory executioner."

18.     Paragraph 18 is denied. Defendants deny that Defendant Hamm must be present at Holman Correctional Facility for each execution. The Commissioner is statutorily permitted to appoint a representative for that purpose. *See* ALA. CODE § 15-18-83 (1975). Defendants further deny that Defendant Hamm is responsible for maintaining an open telephone line to the Governor and Attorney General.

19.     Paragraph 19 is admitted.

20.     The first sentence of Paragraph 20 is admitted. The remainder of Paragraph 20 is denied.

21.     Defendants admit that the Commissioner of the Alabama Department of Corrections has the authority to call off an execution in appropriate cases.

## Response to Jurisdiction and Venue

22.     Paragraph 22 states a legal conclusion that does not require an admission or denial by Defendants.

23.     Paragraph 23 states a legal conclusion that does not require an admission or denial by Defendants.

24.     Defendants admit paragraph 24 and concede that venue is proper in the Middle District of Alabama.

25.     Paragraph 25 is admitted.

## Response to Factual Allegations

26.     As to Paragraph 26, Defendants admit that Plaintiff obtained nitrogen hypoxia as his preferred method of execution.

27.     As to Paragraph 27, Defendants admit the State of Alabama previously sought to execute Plaintiff's sentence by lethal injection in 2022, and that the Alabama Supreme Court issued an execution warrant in response to the State's efforts.

28.     As to Paragraph 28, Defendants admit that Plaintiff previously sued Commissioner Hamm, Attorney General Marshall, and Warden Raybon in this Court as a result of the State's earlier effort to execute his sentence by lethal injection. Defendants further admit that Plaintiff contended in that proceeding that he had timely elected nitrogen hypoxia.

29.     As to Paragraph 29, Defendants admit that Plaintiff sought a preliminary injunction seeking to enjoin the State from executing him as part of his earlier federal lawsuit against Defendants Marshall, Hamm, and Raybon. Defendants further admit that this Court entered a preliminary injunction prohibiting the State from executing Plaintiff by lethal injection.

30.     As to Paragraph 30, Defendants admit that the preliminary injunction issued by this Court in the earlier lawsuit was challenged in the Eleventh Circuit.

31.     As to Paragraph 31, Defendants admit that the Eleventh Circuit refused to vacate the preliminary injunction issued by this Court in Plaintiff's earlier lawsuit.

32.     As to Paragraph 32, Defendants admit to successfully seeking vacation of the Court's preliminary injunction in the Supreme Court.

33.     Paragraph 33 is denied. The Supreme Court vacated the preliminary injunction issued by this Court in Plaintiff's earlier lawsuit.

34.     Paragraph 34 does not plead factual allegations requiring an answer. To the extent that an answer is required, Paragraph 34 is denied. Additionally,

Defendants deny that Paragraph 34 is relevant to the sole cause of action remaining before the Court.

35.    As to Paragraph 35, Defendants admit that the State of Alabama took initial steps toward executing Plaintiff's lawful sentence by lethal injection on September 22, 2022. Defendants admit that the State of Alabama was aware of Plaintiff's obesity. The remainder of Paragraph 35 is denied. Additionally, Defendants deny that Paragraph 35 is relevant to the sole cause of action remaining before the Court.

36.    As to Paragraph 36, Defendants admit that Plaintiff was placed in the execution chamber by correctional officers on September 22, 2022. Defendants admit that ADOC personnel were present in the execution chamber during the time that Plaintiff was being prepared to have his sentence executed. The remainder of Paragraph 36 is denied. Additionally, Defendants deny that Paragraph 36 is relevant to the sole cause of action remaining before the Court.

37.    Paragraph 37 is admitted. However, Defendants deny that Paragraph 37 is relevant to the sole cause of action remaining before the Court.

38.    Paragraph 38 is admitted. However, Defendants deny that Paragraph 38 is relevant to the sole cause of action remaining before the Court.

39.    Paragraph 39 is admitted, except Defendants lack sufficient information to admit or deny what Plaintiff heard or observed. Additionally,

Defendants deny that Paragraph 39 is relevant to the sole cause of action remaining before the Court.

40.     As to Paragraph 40, Defendants admit that the ADOC IV Team attempted to obtain intravenous access for the purpose of executing Plaintiff's lawful sentence. The remainder of Paragraph 40 is denied. Additionally, Defendants deny that Paragraph 40 is relevant to the sole cause of action remaining before the Court.

41.     Paragraph 41 is denied. Additionally, Defendants deny that Paragraph 41 is relevant to the sole cause of action remaining before the Court.

42.     As to Paragraph 42, Defendants admit that the ADOC IV Team attempted to obtain intravenous access for the purpose of executing Plaintiff's lawful sentence. Defendants further admit that these efforts included attempts to obtain IV access at multiple locations on Plaintiff's body. The remainder of Paragraph 42 is denied. Additionally, Defendants deny that Paragraph 42 is relevant to the sole cause of action remaining before the Court.

43.     Paragraph 43 is denied. Additionally, Defendants deny that Paragraph 43 is relevant to the sole cause of action remaining before the Court.

44.     As to Paragraph 44, Defendants admit that a third member of the IV team attempted to assist other members of the ADOC IV Team to obtain intravenous access for the purpose of executing Plaintiff's lawful sentence. The remainder of Paragraph 44 is denied. Additionally, Defendants deny that Paragraph 44 is relevant

to the sole cause of action remaining before the Court.

45.     As to Paragraph 45, Defendants admit that a third member of the IV team attempted to assist other members of the ADOC IV Team to obtain intravenous access for the purpose of executing Plaintiff's lawful sentence. The remainder of Paragraph 45 is denied. Additionally, Defendants deny that Paragraph 45 is relevant to the sole cause of action remaining before the Court.

46.     Paragraph 46 is admitted, except Defendants lack sufficient information to admit or deny what Plaintiff observed. Additionally, Defendants deny that Paragraph 46 is relevant to the sole cause of action remaining before the Court.

47.     Paragraph 47 is denied. Additionally, Defendants deny that Paragraph 47 is relevant to the sole cause of action remaining before the Court.

48.     Paragraph 48 is denied. Additionally, Defendants deny that Paragraph 48 is relevant to the sole cause of action remaining before the Court.

49.     Paragraph 49 is admitted. Defendants deny that Paragraph 49 is relevant to the sole cause of action remaining before the Court.

50.     Paragraph 50 is denied. Additionally, Defendants deny that Paragraph 50 is relevant to the sole cause of action remaining before the Court.

51.     Defendants lack sufficient information to admit or deny Paragraph 51. Defendants deny that Paragraph 51 is relevant to the sole cause of action remaining before the Court.

52.    As to Paragraph 52, Defendants admit that Plaintiff was removed from the gurney and the execution chamber after efforts to execute his lawful sentence were terminated. The remainder of Paragraph 52 is denied. Additionally, Defendants deny that Paragraph 52 is relevant to the sole cause of action remaining before the Court.

53.    As to Paragraph 53, Defendants admit that Plaintiff was placed into appropriate restraints and transported to the Holman Correctional Facility medical unit and that a body chart examination was performed. Defendants further admit that Plaintiff complained about experiencing pain in his foot. The remainder of Paragraph 53 is denied. Additionally, Defendants deny that Paragraph 53 is relevant to the sole cause of action remaining before the Court.

54.    As to Paragraph 54, Defendants admit that Plaintiff was returned to his cell following the termination of efforts to execute his lawful sentence. The remainder of Paragraph 54 is denied. Additionally, Defendants deny that Paragraph 54 is relevant to the sole cause of action remaining before the Court.

55.    As to Paragraph 55, Defendants admit that this Court entered the order identified as Document 76 in Plaintiff's earlier federal lawsuit. Defendants deny that Paragraph 55 is relevant to the sole cause of action remaining before the Court.

56.    As to Paragraph 56, Defendants admit that Plaintiff's legal team was permitted to visit him the day after the State's effort to execute his lawful sentence

was terminated. Defendants lack sufficient information to admit or deny the authenticity of the photographs embedded in the complaint. Defendants deny that Paragraph 56 is relevant to the sole cause of action remaining before the Court.

57.     Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 57. Defendants deny that Paragraph 57 is relevant to the sole cause of action remaining before the Court.

58.     Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 58. Defendants deny that Paragraph 58 is relevant to the sole cause of action remaining before the Court.

59.     Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 59. Defendants deny that Paragraph 59 is relevant to the sole cause of action remaining before the Court.

60.     Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 60. Defendants deny that Paragraph 60 is relevant to the sole cause of action remaining before the Court.

61.     Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 61. Defendants deny that Paragraph 61 is relevant to the sole cause of action remaining before the Court.

62.     As to Paragraph 62, Defendants admit that the State sought a second, expedited execution date in the Alabama Supreme Court to carry out Plaintiff's

lawful sentence. Defendants deny that Paragraph 62 is relevant to the sole cause of action remaining before the Court.

63.    As to Paragraph 63, Defendants admit that Plaintiff filed the second amended complaint identified in Paragraph 63 during his previous federal lawsuit. Defendants deny that Paragraph 63 is relevant to the sole cause of action remaining before the Court.

64.    As to Paragraph 64, Defendants admit that this Court held a hearing in Plaintiff's prior federal lawsuit on October 13, 2022, and that the matters covered at that hearing may be proven through the transcript of that hearing. Defendants deny that Paragraph 64 is relevant to the sole cause of action remaining before the Court.

65.    As to Paragraph 65, Defendants admit that Plaintiff filed the motion for expedited discovery identified in Paragraph 65 during his previous federal lawsuit. Defendants deny that Paragraph 65 is relevant to the sole cause of action remaining before the Court.

66.    As to Paragraph 66, Defendants admit that this Court entered the order identified as Document 98 in Paragraph 66, as part of the previous federal lawsuit. Defendants deny that Paragraph 66 is relevant to the sole cause of action remaining before the Court.

67.    As to Paragraph 67, Defendants admit to seeking a protective order by filing the motion identified as Document 102 in Paragraph 67 as part of the previous

federal lawsuit. Defendants deny that Paragraph 67 is relevant to the sole cause of action remaining before the Court.

68.     Paragraph 68 is admitted. Defendants deny that Paragraph 68 is relevant to the sole cause of action remaining before the Court.

69.     As to Paragraph 69, Defendants admit this Court held a hearing on November 9, 2022, as part of Plaintiff's previous federal lawsuit. Defendants further admit that the matters covered at that hearing may be proven through the official transcript of that hearing. Defendants deny that Paragraph 69 is relevant to the sole cause of action remaining before the Court.

70.     Paragraph 70 is admitted. Defendants deny that Paragraph 70 is relevant to the sole cause of action remaining before the Court.

71.     Paragraph 71 is admitted. Defendants deny that Paragraph 71 is relevant to the sole cause of action remaining before the Court.

72.     Paragraph 72 is admitted. Defendants deny that Paragraph 72 is relevant to the sole cause of action remaining before the Court.

73.     Paragraph 73 is admitted. Defendants deny that Paragraph 73 is relevant to the sole cause of action remaining before the Court.

74.     As to Paragraph 74, Defendants admit that an agent of the State of Alabama offered to allow Plaintiff to test the fit of a mask during his deposition during the previous lawsuit. Defendants further admit that hypercapnia is the result

of a buildup of carbon dioxide in the blood, which alters the pH levels of the blood. The remainder of Paragraph 74 is denied.

75.    Paragraph 75 is denied.

76.    As to Paragraph 76, Defendants admit that the State of Alabama uses a Type-C supplied air respirator mask to administer nitrogen hypoxia as a method of execution. The State of Alabama has not disclosed the manufacturer or source of the Type-C supplied air respirator mask used by ADOC to administer nitrogen hypoxia as a method of execution and will not do so as a matter of security. Defendants deny that public news reporting has established, rather than speculated about, the identity of manufacturer of the Type-C supplied air respirator mask used to administer nitrogen hypoxia as a method of execution. Defendants admit that news media reports have speculated about the manufacturer and model of the Type-C supplied air respirator mask used to administer nitrogen hypoxia as a method of execution. For security reasons, Defendants cannot identify the sources or manufacturers of critical equipment used to carry out judicial executions under Alabama law.

77.    As to Paragraph 77, Defendants admit that the State of Alabama has confirmed that the Type-C supplied air respirator mask used to administer nitrogen hypoxia as a method of execution is equipped with a rubber seal that surrounds the face of the wearer from the forehead to the chin, and that the mask used by the State of Alabama holds approximately 1.4 liters of breathable gas. Defendants further

admit that the transcript of oral arguments before the Eleventh Circuit contains the official record of what was represented during that proceeding. The remainder of Paragraph 77 is denied.

78.     Paragraph 78 is admitted, except Defendants deny that they would refuse to perform a negative pressure test on the person to be executed, if requested. Defendants further admit that ADOC's spiritual advisor acknowledgement form explains that a safety buffer must be maintained between the mask and the spiritual advisor, while nitrogen gas is being administered, as protection of the civilian participant against "the highly unlikely event that the hose supplying breathing gas to the mask were to detach" and because "overpressure could result in a small area of nitrogen gas that displaces the oxygen in the area around the condemned inmate's face and/or head." (Doc. 1-7.)

79.     As to Paragraph 79, Defendants admit that the Type-C supplied air respirator mask used to administer nitrogen hypoxia as a method of execution was assessed while worn by the individuals named in Paragraph 79.

80.     Paragraph 80 presents Plaintiff's opinion and characterization of factual allegations, rather than factual allegations, and requires neither an admission nor denial from Defendants.

81.     As to Paragraph 81, Defendants admit that the Type-C supplied air respirator mask used to administer nitrogen hypoxia as a method of execution was

approved by the National Institute of Occupational Safety and Health ("NIOSH") as a "full facepiece" respirator according to 42 C.F.R. § 84.135(a) (West 2024), meaning that it is "designed and constructed to fit persons with various facial shapes and sizes…by providing one facepiece size which will fit varying facial shapes and sizes." Defendants deny that the mask "is designed to fit an average sized face and head." Defendants admit that Plaintiff is 5'10" and that his weight ranges between 350 and 380 pounds. The remainder of Paragraph 81 is denied.

82.    Paragraph 82 is denied, except that Defendants admit that Document 67 in Plaintiff's previous federal lawsuit is the transcript of Regional Director Cynthia Stewart-Riley.

83.    As to Paragraph 83, Defendants admit that no written changes have been made to its execution protocol since the execution of Kenneth Smith. The remainder of Paragraph 83 is denied.

84.    As to Paragraph 84, Defendants admit that the Alabama Department of Corrections does not disclose information pertaining to its supply of nitrogen gas maintained for use in carrying out judicial executions. Defendants admit that nitrogen gas is available in different purity grades. Defendants deny that nitrogen "used in industrial processes is not intended for human inhalation, and its impurities may cause superadded pain and suffering in a nitrogen hypoxia execution." Defendants admit that one difference between grades of nitrogen gas is the amount

of humidity, measured in parts per million, present in the gas.  Defendants deny that medical-grade oxygen is humidified when it "is given to a human being in any significant amount."

85.     Paragraph 85 is denied.

86.     Paragraph 86 is admitted.

87.     Paragraph 87 is admitted, except Defendants deny that the State has made any effort (thus far) to depose Plaintiff as part of this litigation.

88.     Paragraph 88 is admitted.

89.     As to Paragraph 89, Defendants admit that the complaint accurately quotes Assistant Attorney Richard Anderson's representations to the Court at the December 20, 2023, evidentiary hearing during Plaintiff's previous federal lawsuit.

90.     Paragraph 90 is denied. The State's opposition to Smith's application for a stay of execution in the Supreme Court restated Smith's position. It read, "Smith said that in the precise few seconds between when gas enters the mask and he loses consciousness, he will vomit and choke to death."

91.     Defendants lack sufficient information to admit or deny Paragraph 91. The URL contained in the complaint is hidden behind *The New York Times*'s paywall.

92.     Defendants admit that the quotes embedded in Paragraph 92 are from Document 66 in Kenneth Smith's federal lawsuit based on the evidence elicited at

the hearing on Smith's motion for a preliminary injunction.

93.     Defendants admit that the quotes embedded in Paragraph 93 are from Document 39 in Kenneth Smith's federal lawsuit.

94.     Defendants admit that the quotes embedded in Paragraph 94 are from Documents 50 and 57 in Kenneth Smith's federal lawsuit.

95.     Defendants admit that the quotes embedded in Paragraph 95 are from Document 82 in Kenneth Smith's federal lawsuit and from the transcript of oral argument in Kenneth Smith's appeal to the Eleventh Circuit.

96.     Defendants admit that the quote embedded in Paragraph 96 is taken from the transcript of oral argument in Kenneth Smith's appeal to the Eleventh Circuit.

97.     Paragraph 97 is denied.

98.     Paragraph 98 is admitted.

99.     As to Paragraph 99, Defendants admit that Kenneth Smith's execution was delayed, in part, due to difficulties in placing the EKG lines due to interference caused by the chest restraint securing Smith to the gurney. The remainder of Paragraph 99 is denied.

100.    As to Paragraph 100, Defendants admit that witnesses were placed into the witness rooms after Smith was secured to the gurney and after Smith was provided additional time with his spiritual advisor. The mask was secured to Smith's

face during this time and the breathing gas supply tube exited the execution chamber through an opening in the chamber wall behind the gurney. The remainder of Paragraph 100 is denied.

101.   As to Paragraph 101, Defendants admit that Smith's spiritual advisor (Jeff Hood) and Regional Director Cynthia Stewart-Riley were present in the chamber with Smith, as well as other members of the ADOC execution team. Defendants further admit that Smith was permitted to make a final statement while wearing the mask with the bayonet cover on the left side of the mask removed. The remainder of Paragraph 101 is denied.

102.   As to Paragraph 102, Defendants admit that Warden Raybon read Smith's execution warrant and the Governor's letter directing the timing for the execution of his sentence. Defendants further admit that the left bayonet cover was replaced on the mask. Defendants admit that the nitrogen gas was administered by Warden Raybon. Defendants deny that Regional Director Cynthia Stewart-Riley left the execution chamber or was absent from the chamber when the nitrogen gas was administered.

103.   Paragraph 103 is denied, except Defendants admit that the Execution Team Captain inspected the mask on Smith's face during the initial minutes of the execution, and that the curtains to the execution chamber were closed and the witnesses removed at the end of the execution procedure.

104.   Defendants lack sufficient information to admit or deny Paragraph 104.

105.   Defendants lack sufficient information to admit or deny Paragraph 105.

106.   Defendants lack sufficient information to admit or deny Paragraph 106.

107.   Defendants lack sufficient information to admit or deny Paragraph 107.

108.   Defendants lack sufficient information to admit or deny Paragraph 108.

109.   Paragraph 109 is denied, except Defendants admit that Exhibit 6 appears to be the statement of Robert Grass to the Kansas Legislature.

110.   Defendants admit that Smith's spiritual advisor (Jeff Hood) was present in the execution chamber throughout Smith's execution. Defendants lack sufficient information to admit or deny the remainder of Paragraph 110.

111.   Paragraph 111 is denied.

112.   Defendants admit the statements attributed to Defendant Marshall and Defendant Hamm in Paragraph 112. The remainder of Paragraph 112 is denied.

113.   Paragraph 113 is denied.

114.   Paragraph 114 is admitted.

115.   As to Paragraph 115, Defendants admit that the defendants in the Kenneth Smith litigation relied upon executive (deliberative process) privilege to protect information about the State's efforts to implement nitrogen hypoxia. However, Defendants deny the remainder of Paragraph 115.

116.   Paragraph 116 is admitted as to what Smith alleged, except that Smith

attributed the risk of "the sense of suffocation" to "a buildup of carbon dioxide" or "hypercapnia."

117.   Paragraph 117 is denied.

118.   Paragraph 118 is admitted. Defendants deny that Paragraph 118 is relevant to the sole cause of action remaining before the Court.

119.   Paragraph 119 is denied. The powers and duties of the Attorney General are set forth in Title 36, Chapter 15 of the Code of Alabama of 1975. Defendants deny that Paragraph 119 is relevant to the sole cause of action remaining before the Court.

120.   Paragraph 120 is denied. The powers and duties of the Attorney General are set forth in Title 36, Chapter 15 of the Code of Alabama of 1975. Defendants deny that Paragraph 120 is relevant to the sole cause of action remaining before the Court.

121.   Paragraph 121 is admitted to the extent that such a list was created in response to a discovery request during prior litigation involving the ADOC defendants. Defendants deny that Paragraph 121 is relevant to the sole cause of action remaining before the Court.

122.   Paragraph 122 is admitted. Defendants deny that Paragraph 122 is relevant to the sole cause of action remaining before the Court.

123.   Paragraph 123 is admitted. Defendants deny that Paragraph 123 is

relevant to the sole cause of action remaining before the Court.

124.   Paragraph 124 is admitted. Defendants deny that Paragraph 124 is relevant to the sole cause of action remaining before the Court.

125.   The last sentence of Paragraph 125 is denied. Defendants further deny the characterization of the list as belonging to Defendant Marshall. Defendants admit the remainder of Paragraph 125. However, Defendants deny that Paragraph 125 is relevant to the sole cause of action remaining before the Court.

126.   Defendants deny the characterization of the list as belonging to Defendant Marshall, otherwise Paragraph 126 is admitted. Defendants deny that Paragraph 126 is relevant to the sole cause of action remaining before the Court.

127.   Defendants deny the characterization of the list as belonging to Defendant Marshall, otherwise Defendants admit that the list referenced in Plaintiff's Complaint indicates that "Person C" exhausted his conventional appeals on November 6, 2012. Defendants deny that this is accurate. "Person C" exhausted his conventional appeals on November 13, 2012. The remainder of Paragraph 127 is admitted. Defendants deny that Paragraph 127 is relevant to the sole cause of action remaining before the Court.

128.   Defendants deny the characterization of the list as belonging to Defendant Marshall, otherwise Paragraph 128 is admitted. Defendants deny that Paragraph 128 is relevant to the sole cause of action remaining before the Court.

129.   Defendants deny the characterization of the list as belonging to Defendant Marshall, otherwise Paragraph 129 is admitted. Defendants deny that Paragraph 129 is relevant to the sole cause of action remaining before the Court.

130.   Defendants deny the characterization of the list as belonging to Defendant Marshall, otherwise Paragraph 130 is admitted. Defendants deny that Paragraph 130 is relevant to the sole cause of action remaining before the Court.

131.   Defendants deny the characterization of the list as belonging to Defendant Marshall, otherwise Paragraph 131 is admitted. Defendants deny that Paragraph 131 is relevant to the sole cause of action remaining before the Court.

132.   Defendants deny the characterization of the list as belonging to Defendant Marshall, otherwise Paragraph 132 is admitted. Defendants deny that Paragraph 132 is relevant to the sole cause of action remaining before the Court.

133.   Defendants deny the characterization of the list as belonging to Defendant Marshall, otherwise Paragraph 133 is admitted. Defendants deny that Paragraph 133 is relevant to the sole cause of action remaining before the Court.

134.   Defendants deny the characterization of the list as belonging to Defendant Marshall, otherwise Paragraph 134 is admitted. Defendants deny that Paragraph 134 is relevant to the sole cause of action remaining before the Court.

135.   Defendants deny the characterization of the list as belonging to Defendant Marshall, otherwise Paragraph 135 is admitted. Defendants deny that

Paragraph 135 is relevant to the sole cause of action remaining before the Court.

136.   Defendants deny the characterization of the list as belonging to Defendant Marshall, otherwise Paragraph 136 is admitted. Defendants deny that Paragraph 136 is relevant to the sole cause of action remaining before the Court.

137.   Defendants deny the characterization of the list as belonging to Defendant Marshall, otherwise Paragraph 137 is admitted. Defendants deny that Paragraph 137 is relevant to the sole cause of action remaining before the Court.

138.   Defendants deny the characterization of the list as belonging to Defendant Marshall, otherwise Paragraph 138 is admitted. Defendants deny that Paragraph 138 is relevant to the sole cause of action remaining before the Court.

139.   Defendants deny the characterization of the list as belonging to Defendant Marshall, otherwise Paragraph 139 is admitted. Defendants deny that Paragraph 139 is relevant to the sole cause of action remaining before the Court.

140.   As to Paragraph 140, Defendants admit that the State of Alabama sought execution warrants for Demetrius Frazier, Anthony Boyd, David Lee Roberts, Robin Dion Myers, and Gregory Hunt in 2014. Defendants further admit that Frazier, Boyd, Roberts, Myers, and Hunt elected nitrogen hypoxia in June 2018. Defendants further admit that, as of the filing of this answer, the State has not sought execution warrants for Frazier, Boyd, Roberts, Myers, or Hunt since their election of nitrogen hypoxia. Defendants deny that Paragraph 140 is relevant to the sole cause

of action remaining before the Court.

141.   As to Paragraph 141, Defendants admit that the State of Alabama did not seek execution warrants for any inmate who elected nitrogen hypoxia between June 2018 and August 2023. Defendants further admit that a redacted version of the State's execution protocol containing the procedures for conducting a nitrogen hypoxia execution was disclosed in August 2023. The remainder of Paragraph 141 is denied. Further, Defendants deny that Paragraph 141 is relevant to the sole cause of action remaining before the Court.

142.   As to Paragraph 142, Defendants admit that the State of Alabama requested authorization to carry out Plaintiff's lawful sentence of death on February 21, 2024. The remainder of Paragraph 142 is denied. Further, Defendants deny that Paragraph 141 is relevant to the sole cause of action remaining before the Court.

143.   As to Paragraph 143, Defendants admit that "justice delayed is justice denied." Defendants deny the State of Alabama sought execution warrants for Kenneth Smith and Plaintiff prior to seeking execution warrants for Carey Grayson, Demetrius Frazier, Robin Myers, David Lee Roberts, and Gregory Hunt. Further, Defendants deny that Paragraph 143 is relevant to the sole cause of action remaining before the Court.

144.   Paragraph 144 is admitted. Defendants deny that Paragraph 144 is relevant to the sole cause of action remaining before the Court.

145.   As to Paragraph 145, Defendants admit that Plaintiff and Kenneth Smith sued state officials in their official capacity following the postponement of their executions due to the State's inability to obtain intravenous access. Defendants deny that Paragraph 145 is relevant to the sole cause of action remaining before the Court.

146.   As to Paragraph 146, Defendants admit that news media reported on Plaintiff's previous federal lawsuit and his allegations regarding the State's previous execution attempt. The remainder of Paragraph 146 is denied. Defendants deny that Paragraph 146 is relevant to the sole cause of action remaining before the Court.

147.   Paragraph 147 is denied. Further, Defendants deny that Paragraph 147 is relevant to the sole cause of action remaining before the Court.

148.   Paragraph 148 is admitted, except Defendants deny that the Governor's actions were the result of "botched executions." The specific allegations contained in Exhibit 1, incorporated by Plaintiff into his Complaint, control the pleading and provide the reasons for the Governor's response. That Exhibit notes that "legal tactics and criminals hijacking the system" and "last minute appeals" were the concerns that lead to the Governor's actions. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205–06 (11th Cir. 2007) (citing *Associated Builders*, *Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)) ("[W]hen the exhibits [attached to the complaint] contradict the general and conclusory allegations of the pleading, the

exhibits govern."). Defendants deny that Paragraph 148 is relevant to the sole cause of action remaining before the Court.

149.   Paragraph 149 is admitted. Defendants deny that Paragraph 149 is relevant to the sole cause of action remaining before the Court.

150.   Paragraph 150 is denied, except Defendants admit that Governor Ivey publicly stated her belief that "legal tactics and criminals hijacking the system [we]re at play." Defendants deny that Paragraph 150 is relevant to the sole cause of action remaining before the Court.

151.   Paragraph 151 is admitted. Defendants deny that Paragraph 151 is relevant to the sole cause of action remaining before the Court.

152.   Paragraph 152 is denied. Further, Defendants deny that Paragraph 152 is relevant to the sole cause of action remaining before the Court.

153.   Paragraph 153 is admitted. Defendants deny that Paragraph 153 is relevant to the sole cause of action remaining before the Court.

154.   Paragraph 154 is denied. Further, Defendants deny that Paragraph 154 is relevant to the sole cause of action remaining before the Court.

155.   Paragraph 155 is denied. Further, Defendants deny that Paragraph 155 is relevant to the sole cause of action remaining before the Court.

## Response to Remaining Cause of Action

185.   Defendants repeat and incorporate their responses to Paragraphs 1

through 155 as though fully set forth herein.

186.   Paragraph 186 states a legal conclusion that does not require an answer by Defendants. To the extent that an answer is required, Paragraph 186 is admitted.

187.   Paragraph 187 states a legal conclusion that does not require an answer by Defendants. To the extent that an answer is required, Paragraph 187 is admitted.

188.   Paragraph 188 is denied.

189.   As to Paragraph 189, Defendants admit that the State of Alabama is seeking to employ the same nitrogen hypoxia protocol used to carry out Kenneth Smith's lawful sentence to execute Plaintiff's lawful sentence. The remainder of Paragraph 189 is denied.

190.   Paragraph 190 is denied.

191.   Paragraph 191 is denied.

192.   Paragraph 192 is denied.

193.   Paragraph 193 is denied.

194.   Paragraph 194 is denied.

## Affirmative Defenses

A.   **Assumption of Risk.** To the extent that Plaintiff alleges that he suffers asthmatic bronchitis, has trouble with asthma, and is obese, and that these conditions present a very likely risk of substantial harm associated with nitrogen hypoxia executions, Defendants assert that Plaintiff assumed the risk of that harm when he

elected nitrogen hypoxia as his preferred method of execution. Plaintiff (1) knew of his own medical and physiological conditions; (2) appreciated the dangers or risks posed by those conditions; and (3) voluntarily and affirmatively exposed himself to that danger or risk by requesting nitrogen hypoxia as his preferred method of execution. *See Sprouse v. Belcher Oil Co.*, 577 So. 2d 443, 444 (Ala. 1991).

B.    **Contributory Negligence.** To the extent that Plaintiff alleges that an improper fit of the mask used to carry out a nitrogen hypoxia execution could expose him to a very likely risk of substantial harm or injury, Plaintiff's refusal to allow the mask to be placed on his face for an inspection of fit constituted contributory negligence, and any continued resistance to such a fit test by ADOC officials constitutes contributory negligence. In his September 7, 2022, deposition in his previous federal lawsuit, Plaintiff noted that he would not be cooperative with efforts to have the mask placed on his face and inspected for fit. Plaintiff's refusal to cooperate with ADOC officials to have the mask inspected against his face is the primary, proximate cause of his alleged future harm.

## Response to Prayer for Relief

195.   Defendants deny that Plaintiff is entitled to expedited discovery in this case.

196.   The relief sought in Paragraph 196 was predicated on Counts One and Two, which were dismissed by the Court. Defendants deny that Plaintiff is entitled

to the relief requested in Paragraph 196.

197. The relief sought in Paragraph 197(a) was predicated on Count One, which was dismissed by the Court. The relief sought in Paragraph 197(b) was predicated on Count Two, which was dismissed by the Court. Defendants deny that Plaintiff is entitled to the relief requested in Paragraph 197(c) of the Complaint.

198. Defendants deny Plaintiff is entitled to any other legal or equitable relief from the Court.

Respectfully submitted,

Steve Marshall
*Attorney General*


**_s/ Richard D. Anderson_**
Richard D. Anderson
*Assistant Attorney General*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 21, 2024, I electronically filed the foregoing answer with the Clerk of the Court using CM/ECF system, which will send notification of such filing to the following: **Daniel J. Neppl, David Danner Kline, James Bradley Robertson, Kelly J. Huggins, Mara Klebaner and Stephen Spector**.

*s/ Richard D. Anderson*
Richard D. Anderson
*Assistant Attorney General*

ADDRESS OF COUNSEL:

Office of the Attorney General
Capital Litigation Division
501 Washington Avenue
Montgomery, AL 36130
Office (334) 353-2021
Fax (334) 353-8400
Richard.Anderson@AlabamaAG.gov