IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALAN EUGENE MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:24-cv-197-RAH |
| | ) [WO] |
| STEVE MARSHALL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Alan Eugene Miller asks the court to certify final judgment on two of his three claims, pursuant to Federal Rule of Civil Procedure 54(b) (doc. 43), following the order dismissing Counts One and Two (doc. 42) of the Complaint (doc. 1) for lack of subject matter jurisdiction. Defendants resist. (Doc. 57.)

Rule 54(b) certification requires the court to test whether "its partial adjudication" of Miller's claims "amounted to a final judgment[,]" and whether there is "no just reason for delay in certifying its decision as final and immediately appealable." *Peden v. Stephens*, 50 F.4th 972, 977 (11th Cir. 2022) (alterations adopted).

To begin, a court's decision is "both final and a judgment" when "it is an ultimate disposition of an individual claim entered in the course of a multiple claims action," and "it is a decision upon a cognizable claim for relief." *Id.* Defendants argue the dismissal of Counts One and Two are not final judgments because Miller "incorporated the same factual allegations to support each of his three causes of action" and the relief he seeks across all three claims is functionally the same. (Doc. 57 at 3.) Miller contends Counts One and Two are both legally and factually distinct from Count Three, and— even though he seeks equitable relief on all three claims—that relief differs between the claims: "an injunction prohibiting Defendants from executing [] Miller out of order

1

under Counts [One] and [Two], versus an injunction requiring Defendants to modify the execution protocol under Count [Three]." (Doc. 61 at 4.) Although Defendants are right that Miller incorporates his factual allegations across all three claims, Miller has a point that the merits inquiry is distinct on each claim because the claims present three different legal theories. But, even so, the relief Miller seeks in Counts One and Two is not "separately enforceable" without "mutually excluding" or "substantially overlapping" with the relief he seeks in Count Three. *Lloyd Noland Foundation, Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 780 (11th Cir. 2007) (citation omitted). In truth, Miller's three claims may present distinct legal theories, but the bottom line of the equitable relief he seeks in each claim amounts to delay of his execution. *See id.* at 781 ("The second count of the amended third-party complaint, seeking common-law indemnification, represented merely an alternate legal theory for a recovery identical to that sought by Count One."). Since Miller "seeks substantially similar relief" in Counts One and Two when compared to Count Three, "the adjudication of [Counts One and Two] do[] not represent a 'final judgment' because [Counts One and Two] are functionally part of the same claim under Rule 54(b)." *Id.* at 780 (citations omitted). Moreover, no Defendant has been dismissed from this action, and "a Rule 54(b) certification cannot make appealable a partial judgment as to a single party if that judgment does not finally determine all the claims against that party." *Id.* at 781 (citation omitted).

On the second prong, Miller contends there is "no just reason for delay" here because "time is of the essence in obtaining appellate review of Counts [One] and [Two,]" otherwise he "will suffer the irreparable harm of losing critical time to make out his claims that he will never get back." (Doc. 43 at 7.) And because, in his view, "Counts [One] and [Two] present distinct issues that will not be duplicated in any potential future appeal of Count [Three.]" (*Id.* at 8.) Defendants argue, on one hand, that "if Miller obtains relief by means of a preliminary injunction" on Count Three, "he will have received the relief he sought as to" Counts One and Two "and a piecemeal

appellate process would be unnecessary." (Doc. 57 at 5.) On the other hand, Defendants say, depending upon how the litigation progresses, "Miller would be able to appeal" all three of his claims "in only a few weeks." (*Id.* at 7.)

The Eleventh Circuit has made clear that certification should "significantly enhance the efficiency of the litigation[.]" *Peden*, 50 F.4th at 979 (alteration adopted). Certifying final judgment on Counts One and Two, which would allow Miller to proceed on at least two separate tracks in this litigation, would only make this case less efficient since "there is no indication that the delays [stemming from certification] here would cause anything other than inconvenience." *Id.* Miller waited to seek preliminary injunctive relief and a stay of his execution until the court set a deadline for him to do so months after he filed this lawsuit. And then Miller waited again, until the last moment he was given, to file a motion for preliminary relief. Now he says "time is of the essence" and an appeal from the dismissal of Counts One and Two must be allowed. (Doc. 43 at 9.) Likely, if not certainly, at least one party will appeal the court's decision on Miller's motion for preliminary relief in just a matter of weeks. There is no "pressing need for an early and separate judgment" here that would countenance "the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket." *Peden*, 50 F.4th at 979 (cleaned up) (citations omitted).

Accordingly, it is **ORDERED** that Miller's *Motion for Entry of Certification of Final Judgment Pursuant to Fed. R. Civ. P. 54(b) as to Counts I and II* (doc. 43) is **DENIED**.

**DONE** on this the 8th day of July 2024.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE