# AMA *Code of Medical Ethics*

*9.7.3 Capital Punishment*

Debate over capital punishment has occurred for centuries and remains a volatile social, political, and legal issue. An individual's opinion on capital punishment is the personal moral decision of the individual. However, as a member of a profession dedicated to preserving life when there is hope of doing so, a physician must not participate in a legally authorized execution.

Physician participation in execution is defined as actions that fall into one or more of the following categories:

(a) Would directly cause the death of the condemned.

(b) Would assist, supervise, or contribute to the ability of another individual to directly cause the death of the condemned.

(c) Could automatically cause an execution to be carried out on a condemned prisoner.

These include, but are not limited to:

(d) Determining a prisoner's competence to be executed. A physician's medical opinion should be merely one aspect of the information taken into account by a legal decision maker, such as a judge or hearing officer.

(e) Treating a condemned prisoner who has been declared incompetent to be executed for the purpose of restoring competence, unless a commutation order is issued before treatment begins. The task of re-evaluating the prisoner should be performed by an independent medical examiner.

(f) Prescribing or administering tranquilizers and other psychotropic agents and medications that are part of the execution procedure.

(g) Monitoring vital signs on site or remotely (including monitoring electrocardiograms).

(h) Attending or observing an execution as a physician.

(i) Rendering of technical advice regarding execution.

and, when the method of execution is lethal injection:

(j) Selecting injection sites.

(k) Starting intravenous lines as a port for a lethal injection device.

(l) Prescribing, preparing, administering, or supervising injection drugs or their doses or types.

(m) Inspecting, testing, or maintaining lethal injection devices.

(n) Consulting with or supervising lethal injection personnel.

The following actions do not constitute physician participation in execution:

(o) Testifying as to the prisoner's medical history and diagnoses or mental state as they relate to competence to stand trial, testifying as to relevant medical evidence during trial, testifying as to medical aspects of aggravating or mitigating circumstances during the penalty phase of a capital case, or testifying as to medical diagnoses as they relate to the legal assessment of competence for execution.

(p) Certifying death, provided that the condemned has been declared dead by another person.

(q) Witnessing an execution in a totally nonprofessional capacity.

(r) Witnessing an execution at the specific voluntary request of the condemned person, provided that the physician observes the execution in a nonprofessional capacity.

(s) Relieving the acute suffering of a condemned person while awaiting execution, including providing tranquilizers at the specific voluntary request of the condemned person to help relieve pain or anxiety in anticipation of the execution.

(t) Providing medical intervention to mitigate suffering when an incompetent prisoner is undergoing extreme suffering as a result of psychosis or any other illness.

No physician should be compelled to participate in the process of establishing a prisoner's competence or be involved with treatment of an incompetent, condemned prisoner if such activity is contrary to the physician's personal beliefs. Under those circumstances, physicians should be permitted to transfer care of the prisoner to another physician.

Organ donation by condemned prisoners is permissible only if:

(u) The decision to donate was made before the prisoner's conviction.

(v) The donated tissue is harvested after the prisoner has been pronounced dead and the body removed from the death chamber.

(w) Physicians do not provide advice on modifying the method of execution for any individual to facilitate donation.

*AMA Principles of Medical Ethics: I*